Filed 12/16/25  P. v. Arevalos CA4/2

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

|  |  |
|---|---|
| THE PEOPLE,<br><br>        Plaintiff and Respondent,<br><br>v.<br><br>ALBERT AREVALOS,<br><br>        Defendant and Appellant. | E084212<br><br>(Super.Ct.No. FVI23001996)<br><br>OPINION |

APPEAL from the Superior Court of San Bernardino County.  Christopher S. Pallone, Judge.  Affirmed.

Ariana D'Agostino, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

In 2024 a jury convicted Albert Arevalos of taking and driving a vehicle without the owner's consent. He appealed his judgment. His attorney has filed a brief under the authority of *People v. Wende* and *Anders v. California*[1] informing this court they were unable to identify any errors and asking us to perform an independent review of the record. We affirm.

## BACKGROUND

On September 22, 2022, officers found Arevalos in the rear of a 2001 Dodge Ram 1500 pulled into the dirt alongside the road after responding to a call about a possible stolen vehicle. The vehicle was missing both its license plates and the interior was stripped, with the ignition, radio, and climate controls gone and the dash missing. The police ran the vehicle's VIN and saw that it was reported stolen by Glenn M. Arevalos told them he purchased the car from his cousin for $300. He told police he did not have the vehicle's registration, but did have two bills of sale. After retrieving the bills of sale, the officers asked why Arevalos had two of them, and he told them it was because the first looked fraudulent so he had a second one made. The officers noticed discrepancies in the bills of sale, including that the second bill of sale listed the wrong manufacturing date and the two bills of sale did not match each other with regards to the names and dates of sale listed.{RT 668} They eventually found the vehicle's registration in the car, which showed Glenn M. as the registered owner. Arevalos also admitted to driving the vehicle to its then current location.

---

[1] *People v. Wende* (1979) 25 Cal.3d 436; *Anders v. California* (1967) 386 U.S. 738.

The prosecution charged Arevalos via information with driving or taking a vehicle without consent (Veh. Code § 10851, subd. (a).) They also alleged eight aggravating factors under Penal Code[2] section 1170, subdivision (b)(2): (1) that the victim was particularly vulnerable, (2) that Arevalos induced others to participate or occupied a position of leadership over other participants, (3) that the crime indicated planning and sophistication, (4) that it involved a taking of great monetary value, (5) that Arevalos has numerous and increasingly serious prior convictions, (6) that Arevalos has served a prior prison term, (7) that he was on some form of supervised release when he committed the crime, and (8) that his prior performance on some form of supervised release was unsatisfactory.

At trial, Arevalos testified that he purchased the car from his cousin for $300. He also testified that his cousin introduced him to someone he said was Glenn M. before the sale. He said he was suspicious that the vehicle was stolen because the ignition was punched out and because he tried and failed to register it through AAA. He testified that he called the Victorville Police Department to see if the car had been stolen, and that they told him the vehicle was reported as stolen but recovered. He also said he did not drive the vehicle, instead claiming his girlfriend drove him to where the police eventually found him and that he lied to police when he told them he drove the vehicle.

Glenn M. also testified. He testified that he reported the vehicle stolen exactly one month before police found Arevalos in possession of it. He said he never met Arevalos,

---

[2] Unlabeled statutory citations refer to the Penal Code.

never sold him the vehicle, never signed a bill of sale, and denied that it was his signature on the bill of sale Arevalos produced.

After the prosecution closed its case, Arevalos moved for acquittal under section 1118.1 arguing there was no evidence that Arevalos had actually driven the vehicle. Specifically, Arevalos argued that the only evidence that he drove the vehicle were statements he made to police, which were not sufficient on their own. The court ultimately denied the motion finding "[t]here is sufficient evidence beyond Mr. Arevalos'[s] statement and the jury could infer the vehicle got there somehow independent of his statement."

In March 2024 the jury found Arevalos guilty of the sole count. Arevalos waived a jury trial on the aggravating factors. The court found four of the eight aggravating factors true, namely: that the victim was particularly vulnerable, that Arevalos has numerous and increasingly serious prior convictions, that Arevalos has served a prior prison term, and that his prior performance on some form of supervised release was unsatisfactory. The court then suspended imposition of sentence and placed Arevalos on two years of formal probation.

DISCUSSION

We appointed counsel to represent Arevalos on appeal, and counsel has filed a brief under the authority of *People v. Wende* and *Anders v. California*, setting forth a statement of the case and a summary of the facts and asking us to conduct an independent review of the record. Counsel's brief identified directed our attention to two potential

4

issues: (1) whether there was sufficient evidence that Arevalos actually drove the vehicle in violation of section 10851, subdivision (a), and (2) whether the court erred by modifying CALCRIM No. 1820 to remove the instruction that jurors needed to find that "[t]he driving occurred after a substantial break from the original theft of the vehicle." We offered Arevalos an opportunity to file a personal supplemental brief, and he has not done so.

We have independently reviewed the record for potential error as required by *People v. Kelly* (2006) 40 Cal.4th 106 and find no arguable error that would result in a disposition more favorable to Arevalos.

DISPOSITION

We affirm the judgment.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

RAPHAEL _____<br>J.

We concur:

RAMIREZ _____
            P. J.

FIELDS _____
            J.

5